548 A.2d 399

Dannie F. Hawkins and Juanita Hawkins, his wife, Appellants *v.* City of Harrisburg, Redevelopment Authority of the City of Harrisburg, and One-Thirty Company, Appellees.

*Anthony Stefanon, Stefanon & Lappas,* for appellants.

*Daniel J. Gallagher,* with him, *Alexander J. Palutis, Post & Schell, P.C.,* for appellees.

OPINION BY JUDGE PALLADINO, October 13, 1988:

Dannie F. and Juanita Hawkins (Appellants) appeal from an order of the Court of Common Pleas of Dauphin County sustaining the preliminary objections in the nature of a demurrer of the City of Harrisburg (City) and the Redevelopment Authority of the City of Harrisburg (Authority) and dismissing Appellants' complaint against the City and the Authority. The basis of the order was the trial court's determination that the City and the Authority were immune to suit pursuant to 42 Pa. C. S. §8541 because Appellants' complaint failed to state a cause of action which fell within the exceptions to local government immunity in 42 Pa. C. S. §8542. We affirm.

Dannie Hawkins was injured on December 17, 1985 when he fell from a scaffolding while working for Adams County Asphalt Company as a laborer on a construction project at the Old Waterworks on Front Street in Harrisburg. The Old Waterworks was owned by the City. The City had leased the Old Waterworks to the Authority, which had in turn leased it to One-Thirty Company. One-Thirty employed Adams County Asphalt to perform construction work on the Old Waterworks premises.

Appellants filed suit against the City, the Authority and One-Thirty on November 13, 1987. Appellants alleged that the scaffolding was erected in a dangerous, hazardous and unsafe manner by Adams County Asphalt "acting pursuant to orders and directions negligently given by the Defendant City, Authority, and One-Thirty Company, through their authorized servants, agents, employees or representatives." Appellants' Complaint paragraph 16. On December 12, 1987 the City filed

preliminary objections in the nature of a demurrer; the Authority filed the same on January 7, 1988.

The City and the Authority in their preliminary objections asserted immunity pursuant to 42 Pa. C. S. §8541.[1] A hearing was held on March 7, 1988. On March 30, 1988 the trial court issued its opinion and order sustaining the City's and the Authority's preliminary objections and dismissing Appellants' complaint against them.

On appeal to this court, Appellants contend that their complaint contains averments sufficient to state a cause of action against the City and the Authority for failure to exercise care, custody, or control of real property pursuant to the exception to governmental immunity stated in 42 Pa. C. S. §8542(b)(3). Preliminary objections in the form of a demurrer will not be sustained unless it is clear on the face of the pleadings that the law will not permit the recovery sought. *E-Z Parks Inc. v. Larson*, 91 Pa. Commonwealth Ct. 600, 498 A.2d 1364 (1985), *aff'd,* 509 Pa. 496, 503 A.2d 931 (1986).

Local agencies, such as the City and the Authority,[2] are *not* "liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person" except as provided in 42 Pa. C. S. §8542. 42 Pa. C. S. §8541. Eight exceptions to local government immunity are set out in 42 Pa. C. S. §8542(b). Appellants claim their complaint states a cause of action under the real

[1] Raising the affirmative defense of immunity by preliminary objection is improper procedure and is not appropriate nor condoned by this court. Immunity is an affirmative defense which should be raised as new matter. Pa. R.C.P. No. 1030. However, when the immunity defense has been raised and there has been no objection to the procedure used, we will consider the appeal. *County of Allegheny v. Dominijanni*, 109 Pa. Commonwealth Ct. 484, 531 A.2d 562 (1987).

[2] *See* 42 Pa. C. S. §8501 and 1 Pa. C. S. §1991.

property exception set forth in 42 Pa. C. S. §8542(b)(3). That section states:

**Acts which may impose liability.**

The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . .

(3) *Real property*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

In *Maloney v. City of Philadelphia*, 111 Pa. Commonwealth Ct. 634, 535 A.2d 209 (1987), we considered a similar fact pattern. Maloney was injured when he fell from improperly erected scaffolding while working on a construction project on premises owned by the City of Philadelphia. The City had hired the contractor for whom Maloney was working and Maloney claimed that the City's negligence in failing to insure that the contractor properly erected the scaffolding was the cause of his injuries. This court held that Maloney's complaint did not state a cause of action which was encompassed by 42 Pa. C. S. §8542(b)(3) for two reasons: (1) the scaffolding was not real property in the possession of the City of Philadelphia; and (2) the negligence alleged did not constitute an act by a local agency or any of its employees within the meaning of section 8542(b)(3).

Appellants attempt to distinguish *Maloney*. First, Appellants allude to the fact that the appeal in *Maloney* was from a denial of a motion for judgment notwithstanding the verdict. Second, Appellants argue that, unlike the City of Philadelphia, the City and the Authority had knowledge that the scaffolding was improperly erected and that their negligence was failure to ex-

ercise control to avoid or correct the improper erection.[3]

These factual differences do not constitute legal reason for Appellants to avoid the two legal conclusions on which the *Maloney* decision rests. Appellants allege that the cause of Dannie Hawkins' injury was scaffolding improperly erected by Adams County Asphalt. The scaffolding was erected for the purpose of performing construction work at the Old Waterworks. As we held in *Maloney*, scaffolding, erected to perform construction work, is not real property within the meaning of the real estate exception.

Additionally, even if the scaffolding were real property and the City and the Authority were negligent in their alleged control over the construction project, Appellants alleged that Adams County Asphalt improperly erected the scaffolding. The City and the Authority cannot be held liable for injury caused by *others*. 42 Pa. C. S. §8541; *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987); *Maloney*.

Appellants have failed to state a cause of action which falls within the parameters of the real estate exception to local government immunity. Accordingly, we affirm.

ORDER

AND NOW, October 13, 1988, the order of the Court of Common Pleas of Dauphin County in the above-captioned case is affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[3] Appellants also challenge this court's characterization of sections 414 and 416 of the Restatement (Second) of Torts which were relied on by Maloney to support his cause of action against the City of Philadelphia. Because we resolve that scaffolding is not real estate, we will not address the issue of whether these Restatement sections were improperly interpreted.