## Marshall v. Piper

*Thomas J. Graham,* for plaintiff.

*Stephen M. Elek,* for defendants Lawrence Piper and West Greene School District.

*Herman C. Kimpel,* for defendant Center Township.

GRIMES, *P.J.,* November 28, 1988 — On April 2, 1986, William C. Marshall, a minor child at the time of the incident, was pitching batting practice as a member of the West Greene High School baseball team. The team's coach was co-defendant, Lawrence Piper. The practices, at least on this day, were on a field allegedly owned by co-defendant, Center Township, and was being used by co-defendant, West Greene School District, under a written or oral lease or was being used with the township's knowledge and consent. In the course of pitching batting practice, Marshall was hit in the right eye by one of two baseballs thrown at him simultaneously by other players.

Each defendant has filed preliminary objections in the nature of a demurrer to the complaint. Defendants Lawrence Piper and West Greene School District have also filed a motion to strike and, in the alternative, a motion for a more specific pleading.

## DISCUSSION

The complaint alleges a multitude of wrongs by each defendant. A critical allegation is one of omis-

sion in that defendants failed to provide protective screening for the batting practice pitcher.

According to the demurring defendants, the Political Subdivision Tort Claims Act, P.L. 693, §221(e) (1980), as amended by P.L. 452, §1 (1982), 42 Pa.C.S. §8541 et seq., insulates them from liability in the instant action.* The act lists eight circumstances in which local governmental agencies may be held liable for their own actions or for the actions of its agents or employees. The specific subsection of that act applicable to this dispute is 42 Pa.C.S. §8542(b)(3), which provides:

"(b) *Acts which may impose liability* — the following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . .

"(3) *Real Property* — the care, custody or control of real property in the possession of the local agency, . . . As used in this paragraph, 'real property' shall not include:

"(i) trees, traffic signs, lights, and other traffic controls, street lights and street lighting systems;

"(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within right-of-ways;

"(iii) streets; or

"(iv) sidewalks."

It must be determined whether the absence of protective screening around a batting practice pitcher comes within the purview of the "real prop-

---

* Immunity is an affirmative defense which should be raised as new matter, Pa.R.C.P. 1030, rather than by preliminary objection. However, when the immunity defense has been raised and the opposing party fails to object to such tactic, the court will consider the objection. See *County of Allegheny v. Dominijanni,* 109 Pa. Commw. 484, 531 A.2d 562 (1987).

erty" exception to governmental immunity stated in 42 Pa.C.S. §8542(b)(3). For the reasons which follow, it does not.

The Pennsylvania Supreme Court has held that "the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury. . . ." *Mascaro vs. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987). (emphasis in original) The Marshalls' complaint does not allege the ball field contained a defect or an artificial condition which by itself caused the injury.

Furthermore, it must be remembered that section 8542(b)(3) represents an exception to the absolute rule of governmental immunity as stated in 42 Pa.C.S. §8541.

"Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by . . . *any other person.*" (emphasis supplied)

Stated in the affirmative, the acts of the local agency or its employees which make the property unsafe for the activities regularly conducted thereon for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit. *Mascaro vs. Youth Study Center, supra.* The acts of others, however, are specifically excluded in the general immunity section and not even discussed in the eight exceptions. *Id.* The pleadings reveal that the injury resulted from someone, *other* than one of the co-defendants, throwing a baseball. Therefore, it must be concluded, as did the *Mascaro* court, that harm caused by a third party may not be imputed to the local agency or its employees.

Generally, a demurrer admits as true all well-pleaded facts in the complaint but not conclusions

of law. *Greenspan vs. United Services Automobile Association,* 324 Pa. Super. 315, 471 A.2d 856 (1984). Since the question of whether the failure to provide protective screening around a batting practice pitcher is "real property" for the purposes of section 8542(b)(3) is a matter of law, it must be determined that the law will not permit recovery under the real-property exception. See *E-Z Parks Inc. v. Larson,* 91 Commw. 600, 498 A.2d 1364 (1983), aff'd 509 Pa. 496, 503 A.2d 931 (1986).

There is not to be found a case in which a batting practice pitcher's protective screening device was argued to be part of the real property. Because of the lack of judicial discussion on the issue and the potential for that situation to present itself in the future, that matter must be discussed.

The cases of *Maloney v. City of Philadelphia,* 111 Commw. 634, 535 A.2d 209 (1987), and *Hawkins v. City of Harrisburg et al.,* 120 Pa. Commw. 369, 548 A.2d 399 (1988), must be examined in the resolution of that issue. In both cases, plaintiffs argued that "scaffolding" was a fixture and thus, qualifies it as part of the real property.

"A fixture is an article of personal property which, because of its physical annexation of the soil or appurtenance thereto, or because of its essential use in a specific business, has become part of the real estate, in legal contemplation." *Maloney* at 640, 535 A.2d at 212, citing 16 P.L.E. Fixtures § 1 (1959). If a plaintiff could show the batting practice pitcher's screening device to be a fixture, the real property exception to governmental immunity may be satisfied. See *McCloskey vs. Abington School District,* 101 Commw. 110, 515 A.2d 642 (1986), on remand rev'd on other grounds, 115 Pa. Commw. 289, 539 A.2d 946 (1988). To determine if a screening device has become a fixture, three categories of chattels,

used in connection with real estate, must be examined:

(1) those which remain personalty because they do not improve and are not peculiarly fitted to the property with which they are used (such as furniture);

(2) those which are realty because they are so annexed to the property that removal would result in permanent damage to the chattel or the realty; and

(3) those which are annexed in some non-permanent manner to the realty and are intended by the annexor to be a permanent part of the realty.

As evident, to be considered a fixture, the screening device must fall within category two or three. However, a batting practice pitcher's screening device, as the scaffolding in *Maloney* and *Hawkins*, *supra*, would not fit within either category. By its nature, the screening device is temporary. Its use is strictly confined to team practice immediately prior to the start of a game or during practice on an off-day. It is erected either at the pitcher's mound or some place else and later rolled or carried to that spot. At the end of the practice session, the screening device is then disassembled and stored for later use. This process does not result in permanent damage to the field.

The third category partly focuses on the intent of the annexor, which, in most cases would be the school district through its agent, the baseball coach. Their lack of intent to do such is evident by the thought of playing America's favorite pastime with an obtrusive screen placed in front of the pitcher. Surely, such an absurdity was not in the minds of the legislature when it granted an exception to the absolute rule of immunity.

Therefore, had the argument been presented that a batting practice pitcher's screening device is part of the real estate, it would be found, as a matter of law, to be a category one chattel. The screening device is not an improvement but a detriment if permanently affixed because baseball games, as in the practice and tradition of the game, could not be played thereon. The protective screening device is also not a "peculiarly fitted" item of personal property. Screens, like the one the Marshalls allege West Greene should have had, are easily transferrable to other high school baseball fields in Greene County or even for use on the home field of a professional ball club.

The other preliminary objections of co-defendants, Piper and West Greene School District, center on certain paragraphs in the complaint. Those in question are:

"12(h) By conducting a baseball practice without due care and caution under the circumstances then and there existing.

"13(a) The acts or omissions of the defendant, Lawrence Piper, which at the time of the incident in controversy, was the agent, servant or employee of the school district. Said acts are more fully set forth in paragraph 12 herein and the same is incorporated by reference;

"13(h) Negligence and recklessness by law."

Defendants claim paragraphs 12(h), 13(a) to the extent it incorporates 12(h), and 13(h) fail to conform to the Rules of Civil Procedure and should be stricken, or alternatively, plaintiffs should be ordered to file a more specific pleading. Defendants predicate their position on Pa.R.C.P. 1017(2) and 1019(a). Rule 1019(a) states that "material facts . . . shall be stated . . ." *Id.* Material facts have been defined as those facts essential to support the claim. *General*

*State Authority vs. Sutter Corporation*, 24 Pa. Commw. 391, 395, 356 A.2d 377, 381 (1976). Paragraphs 12(h), 13(a) to the extent it incorporates the language of 12(h), and 13(h) do not state material facts necessary to support their claim. Instead, these paragraphs state conclusions of law which is improper under our factual pleading system and must be stricken.

## ORDER

And now, November 28, 1988, it is ordered that the demurrer is sustained and the complaint is dismissed in its entirety as to defendant, Center Township, and further, as to defendants Lawrence Piper and West Greene School District, the complaint is dismissed to the extent it seeks recovery against either on the basis of a lack of protective screening for plaintiff in his role as the batting practice pitcher.

It is further ordered the preliminary objections of Piper and West Greene are hereby sustained and paragraphs 12(h), 13(a), and 13(h) are hereby stricken.

The remaining defendants shall have 20 days from this date to plead accordingly.