635 A.2d 746

CASSADY–PIERCE COMPANY, INC., Appellant,

v.

William SPAGNOL, Municipal Manager of the Municipality of
Bethel Park, and Municipality of Bethel Park, a political
subdivision of the Commonwealth of Pennsylvania.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1993.

Decided Dec. 27, 1993.

David Abrams, for appellant.

Victor R. Delle Donne, for appellees.

Before CRAIG, President Judge, McGINLEY, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Cassady–Pierce Company, Inc. (Appellant) appeals the order of the Court of Common Pleas of Allegheny County (trial court) which sustained the preliminary objections of the Municipality of Bethel Park (municipality) to Appellant's complaint in mandamus. We affirm.

In March 1992, the municipality executed a contract with General Roofing Company (contractor) for roof work on a public building. Over a period of a month, Appellant provided the contractor with roofing materials and related building construction materials totaling approximately $21,560.00. The contractor became insolvent and, as a result, did not pay Appellant for any of its materials.

Subsequently, Appellant filed an action in mandamus against the municipality asserting that the municipality was liable to Appellant for its failure to require the contractor to provide a payment bond as required by Section 3(a)(2) of the Public Works Contractors' Bond Law of 1967 (Bond Law).[1] Appellant contends that the municipality had a duty under the Bond Law to obtain a surety payment from the contractor prior to issuing the contract.

In response, the municipality filed preliminary objections in the nature of a demurrer alleging that Section 3(a)(2) of the Bond Law places the duty to furnish a payment bond on the contractor and not on the municipal entity. The trial court sustained the municipality's preliminary objections, but grant-

1. Act of December 20, 1967, P.L. 869, *as amended,* 8 P.S. § 193(a)(2).

ed Appellant leave to file an amended complaint with regard to William Spangol, the municipal manager.[2]

Appellant argues before us that the trial court erred in sustaining the preliminary objections to its complaint in mandamus because the Bond Law imposed a duty upon the municipality to insure that a bond or other financial security was furnished by the contractor prior to awarding the contract for work on the public building.

Initially, we note that in order to state a claim in mandamus, Appellant must show (1) a ministerial or mandatory duty, (2) a clear legal right to the relief sought, (3) a corresponding duty of the entity to provide that relief, and (4) a lack of any other adequate remedy. *Mueller v. Pennsylvania State Police Headquarters*, 110 Pa.Commonwealth Ct. 265, 532 A.2d 900 (1987). Our scope of review is limited to whether the trial court abused its discretion. *Maloney v. City of Philadelphia*, 111 Pa.Commonwealth Ct. 634, 535 A.2d 209 (1987), *petition for allowance of appeal denied*, 519 Pa. 669, 548 A.2d 258 (1988).

Section 3(a)(2) of the Bond Law, 8 P.S. § 193(a)(2) states in pertinent part:

(a) Before any contract exceeding five thousand dollars ($5,000.00) for the construction, reconstruction, alteration or repair of any public building or other public work or public improvement, including highway work, of any contracting body is awarded to any prime contractor, such contractor shall furnish to the contracting body the following bonds, which shall become binding upon the awarding of said contract to such contractor:

2. The trial court designated as final its order sustaining the municipality's preliminary objections citing Pa.R.A.P. 341(c) which states in pertinent part:

When more than one claim for relief is presented in an action ... the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims or parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case.

This court has jurisdiction over this matter pursuant to 42 Pa.C.S. § 762(a)(4).

(2) A payment bond of one hundred percent of the contract amount. Such bond shall be solely for the protection of claimants supplying labor or materials to the prime contractor to whom the contract was awarded, or to any of his subcontractors, in the prosecution of any work provided for in such contract, and shall be conditioned for the prompt payment of all such material furnished or labor supplied or performed in the prosecution of the work. . . .

■ The trial court correctly noted in its opinion that this Court has dealt squarely with the matter at bar on a previous occasion. *Penstan Supply, Inc. v. Pennsylvania State University*, 44 Pa.Commonwealth Ct. 347, 403 A.2d 1054 (1979), involved a nearly identical fact situation wherein an unpaid subcontractor brought suit against a public entity for failure to obtain a payment bond from a bankrupt contractor. We held that the Bond Law places the duty to furnish a payment bond on the contractor and not on the public entity. Writing for this Court, Judge DiSalle stated in his opinion:

A reading of the statutory language reveals that the burden of providing this bond falls clearly on the prime contractor. Furthermore, we cannot conclude, as appellant would have us do, that the legislature intended the contracting body to assume responsibility to a subcontractor for the prime contractor's omission in this regard.

And further, the Court quoted with approval a portion of the trial court opinion as follows:

[w]e do not see that the legislature intended an inferential right of action to be created against the public body when a direct cause of action does not exist. Had the Legislature intended such a result, or had it intended to penalize a public body for failing to follow the mandates of the Bond Law with respect to performance and payment bonds, it would have done so.

*Id.* at 349–350, 403 A.2d at 1054–1055.

The trial court correctly notes that Appellant seems to be

without a remedy if *Penstan* is still good law.[3]   Unfortunately, this seems to be the case.   After the *Penstan* decision, the legislature added Section 3.1 to the Bond Law[4] again omitting any provision for a cause of action by a subcontractor for the negligent or intentional acts of a "contracting body" such as the instant municipality.   Thus, we must decline to find a duty where the legislature intended none.[5]

Accordingly, we affirm.

## ORDER

AND NOW, this 27th day of December, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

3.   Perhaps the Appellant's remedy in this case is an assumpsit claim against a bankrupt general contractor, the practical equivalent of no relief at all.

4.   Act of December 17, 1990, P.L. 694, 8 P.S. § 193.1.

5.   Since the trial court granted Appellant leave to amend its complaint with regard to Spagnol, that portion of the order is not final under Pa.R.A.P. 341 and hence not ripe for our review.