**Alvertina THOMAS as Administratrix for the Estate of Charles Thomas, Deceased, Appellant,**

v.

**CITY OF PHILADELPHIA and Philadelphia Electric Company and Nicholas Della Vecchia, Individually and d/b/a Nicholas Della Vecchia Contractors.**

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 1995.

Decided Dec. 13, 1995.

F. Lee Jones, for appellant.

Alan C. Ostrow, Deputy City Solicitor, for appellee, City of Philadelphia.

Before McGINLEY and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Alvertina Thomas (Administratrix), Administratrix for the Estate of Charles J. Thomas, Jr. (Decedent), appeals from the August 2, 1994 order of the Philadelphia County Court of Common Pleas (trial court), granting summary judgment for the City of Philadelphia (City).

On August 4, 1992, Administratrix filed a civil action against the Philadelphia Electric Company (PECO), Nicholas Della Vecchia, individually and d/b/a Nicholas Della Vecchia General Contractors (Contractor), and the City for monetary damages arising out of the death of Decedent.

Administratrix alleged that a contract of employment existed between the City and Contractor, wherein Contractor, by and through its employees, was to stucco exposed walls on row houses adjacent to lots where the City had previously demolished certain row homes. Administratrix further alleged that, on August 2, 1990, Decedent was on a scaffold erected by Contractor, at or adjacent to 2223 North Fourth Street, Philadelphia, Pennsylvania, when Decedent was exposed to, and fatally electrocuted by, the uninsulated power lines of PECO.

Consequently, Administratrix alleged that PECO was negligent in failing to insulate, remove and de-energize, barricade, or bury the power lines, and that Contractor was negligent in failing to properly inspect and supervise the erection of scaffolding at the accident site. Moreover, Administratrix alleged that the City was negligent in failing to notify PECO that Contractor would be performing work at 2223 North Fourth Street and in failing to hire a general contractor that followed applicable federal, state and local rules and regulations for the erection of scaffolds.

On August 27, 1993, the trial court granted Contractor's Motion for Summary Judgment and dismissed the complaint against Contractor on the grounds that, as the statutory employer, Contractor was immune from suit in accordance with section 303 of the Pennsylvania Workers' Compensation Act.[1] Subsequently, Administratrix reached a settlement agreement with PECO, leaving the City as the only remaining defendant in this action.

The City then filed a Motion for Summary Judgment, claiming immunity under the act commonly referred to as the Political Subdivision Tort Claims Act (Act).[2] On August 2, 1994, the trial court granted the City's Motion, holding that the Act bars Administratrix's claim. Specifically, the trial court held that, according to *Crowell v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992), the Act precludes the imposition of liability upon a governmental unit based on a theory of vicarious liability; therefore, the government may not be held accountable for damages where the plaintiff alleges that the government is vicariously liable for the negligent acts of third parties. The trial court concluded that, because Administratrix here contended that the allegations in her complaint, if proven, would establish liability on the part of the City for the negligence of PECO and

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 481 (providing that liability of an employer under the act is exclusive remedy of employee).

**2.** 42 Pa.C.S. §§ 8541–8542.

Contractor,[3] the City may not be held liable under the Act and, in particular, under the real estate exception to governmental immunity, 42 Pa.C.S. § 8542(b)(3). We affirm.

Initially, we note that summary judgment is only appropriate when, after examining the record, there is no genuine issue of material fact, and the movant clearly establishes its entitlement to judgment as a matter of law. *Mason & Dixon Lines, Inc. v. Mognet,* 166 Pa.Cmwlth. 1, 645 A.2d 1370 (1994). Moreover, when considering a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party, accepting as true all well-pleaded facts and all inferences to be drawn therefrom. *Id.*

Pursuant to section 8542(a) of the Act, 42 Pa.C.S. § 8542(a), in order to maintain an action against a governmental party for damages arising out of a negligent act, a plaintiff must show that: (1) the damages sought would be recoverable under the common law or a statute creating a cause of action if the injury were caused by one not having available the defense of sovereign immunity; and (2) the negligent act of the governmental party or an employee thereof which caused the injury falls within one of the exceptions to governmental immunity listed in section 8542(b) of the Act, 42 Pa.C.S. § 8542(b).

## I.

With regard to the first requirement of section 8542(a), 42 Pa.C.S. § 8542(a), Administratrix argues on appeal[4] that the City negligently disregarded its common law duty under sections 416 and 427 of the Restatement (Second) of Torts[5] to take reasonable precautions against the "special danger" or "peculiar risk" of physical harm which the overhead power lines posed to decedent. The City, on the other hand, contends that sections 416 and 427 do not apply in this case because the task of stuccoing a brick wall is neither one which the City should have recognized as likely to create a peculiar risk of physical harm, nor one which the City knew or should have known involved a special danger inherent in, or normal to, the work.

Under the facts of this case, the City is Contractor's "employer."[6] As a general rule, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants. *Ortiz v. Ra–El Development Corp.,* 365 Pa. Superior Ct. 48, 528 A.2d 1355 (1987); Restatement (Second) of Torts § 409 (1965). Pennsylvania, however, has specifically adopted the exception to this general rule, as found in sections 416 and 427 of the Restatement (Second) of Torts, where the work to be performed by

---

3. It is undisputed that PECO's and Contractor's negligence caused Decedent's death. (R.R. at 16a.)

4. When reviewing an order granting summary judgment, our scope of review is limited to a determination of whether the trial court committed an error of law or abused its discretion. *Mason & Dixon Lines, Inc. v. Mognet,* 166 Pa. Cmwlth. 1, 645 A.2d 1370 (1994).

5. RESTATEMENT (SECOND) OF TORTS §§ 416, 427 (1965). Sections 416 and 427, respectively, provide:

 § 416. Work Dangerous in Absence of Special Precautions
 One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even

though the employer has provided for such precautions in the contract or otherwise.
 § 427. Negligence as to Danger Inherent in the Work
 One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.

6. Both the Restatement (Second) of Torts and the case law consistently use the term "employer" to describe a party with whom an independent contractor contracts for services. Although we utilize the same terminology here, we note that, by its very definition, the relationship between a party who contracts for services and an independent contractor is not that of employer-employee as understood by the law. Thus, while the City hired Contractor to perform services for the City, Contractor is not an employee of the City.

the independent contractor involves special danger or peculiar risk.[7] *Philadelphia Electric Co. v. James Julian, Inc.*, 425 Pa. 217, 228 A.2d 669 (1967).

■ A special danger or peculiar risk exists where: (1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, i.e., "a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; *and* (2) the risk is different from the usual and ordinary risk associated with the general type of work done, i.e., the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary." *Ortiz* at 53, 528 A.2d at 1358.

■ The determination of whether a special danger or peculiar risk exists is a mixed question of fact and law and may, in clear cases, be made by the court as a matter of law. *Ortiz.* In the instant case, however, where the only evidence on record describing the circumstances of Decedent's fatal accident is that "he was exposed to and fatally electrocuted by the power lines of defendant PECO," (R.R. at 11a), we cannot conclude, as a matter of law, that the proximity of the power lines to the job site did *not* constitute a peculiar risk or special danger.[8] Accord-

ingly, if Administratrix were able to provide facts sufficient to establish that the danger encountered by Decedent was different from the usual and ordinary risk associated with the stucco business, *see Colloi v. Philadelphia Electric Co.*, 332 Pa.Superior Ct. 284, 481 A.2d 616 (1984), she would meet the first requirement for maintaining a cause of action against the City at common law.[9]

## II.

■ However, Administratrix has failed to establish that any negligence on the part of the City, if proven, falls within one of the exceptions to governmental immunity listed in section 8542(b) and, thus, cannot satisfy the second requirement for maintaining a cause of action against the City.

Here, Administratrix premises the City's liability, not on negligent actions taken by the City itself or one of its employees, but on failure to prevent the negligent actions of Contractor.[10] Specifically, Administratrix argues that her claim against the City for negligence in the inspection and supervision of property in the possession of the City, i.e., the accident site, falls within the real property exception to governmental immunity, 42 Pa.C.S. § 8542(b)(3).[11] Administratrix con-

---

7. The terms "special danger" and "peculiar risk" are used interchangeably by the courts. *See* Prosser, The Law of Torts § 71 n. 44 (5th ed. 1984); *Ortiz.*

8. We note, however, that it is well-established that peculiar risk situations should be viewed narrowly and that violation of safety conditions alone, federal or state, cannot be the basis for carving out exceptions to the general rule that an employer is not liable for injuries due to the negligence of an independent contractor. *See Ortiz; Lorah v. Luppold Roofing Co., Inc.*, 424 Pa.Superior Ct. 439, 622 A.2d 1383 (1993); *Peffer v. Penn 21 Associates*, 406 Pa.Superior Ct. 460, 594 A.2d 711 (1991).

9. Administratrix also argues that the City negligently disregarded its statutory duty pursuant to regulations promulgated under the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 *et seq.* Specifically, Administratrix contends that the City violated section 1926.416 of the Code of Federal Regulations, 29 CFR 1926.416, which provides appropriate safety procedures that an employer should follow upon entering a contract for services to be performed in close proximity to electric power lines. We find this contention

without merit, however, because any citation for violation of OSHA standards would have been issued to Contractor, not the City.

10. As noted by footnote 6 *supra* and section 8501 of the Judicial Code, 42 Pa.C.S. § 8501, independent contractors are not government employees: "[I]ndependent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right to control are not employees of the government unit."

11. The real property exception to governmental immunity provides, in pertinent part, that the defense of governmental immunity will be waived when the damages are caused by "the care, custody or control of real property in the possession of the local agency...." 42 Pa.C.S. § 8542(b)(3).

Administratrix argues that her claim falls within the real property exception because the City had "possession" of the south wall of 2223 North Fourth Street, "an artificial condition or defect of the land itself" within the care, custody and control of the City. According to Administratrix, it was this condition, which the City was respon-

tends, in essence, that her allegations, if proven, establish liability on the part of the City for Contractor's failure to provide a safe work site under sections 416 and 427 of the Restatement (Second) of Torts.

The City, on the other hand, maintains that the real property exception to a local agency's general grant of immunity does not apply in this case because the negligent act of an independent contractor, not a governmental employee, created the condition resulting in Decedent's death. We agree and hold that, under the real property exception to governmental immunity, the City may not be held vicariously liable for the negligent acts of Contractor.

 The expressed legislative intent to insulate the Commonwealth and its political subdivisions from liability requires courts to interpret the exceptions to governmental immunity narrowly against injured plaintiffs. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). The real property exception applies only to those cases where acts of the local agency or its employees make the property unsafe for the activities for which it is regularly used, for which it is intended to be used or for which it may reasonably be foreseen to be used. *Id.* Any harm caused by acts of third parties is outside section 8541's scope of liability and, thus, may not be imputed to the local agency or its employees. *Id.*

In *Maloney v. City of Philadelphia*, 111 Pa.Cmwlth. 634, 535 A.2d 209 (1987), and its progeny, we have consistently held that any alleged negligence in failing to insure that a contractor properly secured a work site in compliance with all federal and state regulations may not be imputed to a local agency for purposes of the real property exception to

governmental immunity, 42 Pa.C.S. § 8542(b)(3).[12] *See Hawkins v. City of Harrisburg*, 120 Pa.Cmwlth. 369, 548 A.2d 399 (1988); *Canizares v. City of Philadelphia*, 162 Pa.Cmwlth. 444, 639 A.2d 882 (1994). Additionally, we have consistently held that the real property exception to governmental immunity is unavailable to those whose claim of negligence consists of a failure to supervise adequately or control the conduct of persons or activities on a governmental unit's real estate. *See Mascaro; Rhoads v. Lancaster Parking Authority*, 103 Pa.Cmwlth. 303, 520 A.2d 122 (1987).

Consequently, any liability on the part of the City would be vicarious in nature; that is, Decedent's death was caused by the acts of others, whose acts are outside section 8541's scope of liability and, thus, Administratrix's allegations do not fall within the real property exception, 42 Pa.C.S. § 8542(b)(3), to governmental immunity.

Accordingly, we affirm the trial court's grant of summary judgment for the City.

## ORDER

AND NOW, this 13th day of December, 1995, the order of the Philadelphia County Court of Common Pleas, dated August 2, 1994, is affirmed.

sible for repairing following the City's destruction of the adjoining property, that caused Decedent's injuries and, ultimately, his death.

However, we decline to decide whether a dangerous condition of the realty *itself* caused Decedent's fatal injuries. Similarly, we decline to decide whether Decedent's fatal injuries were caused by the care, custody or control of real property in the *"possession"* of the local agency. Instead, we confine our determination that the real property exception does not apply here to our discussion of vicarious liability.

**12.** In *Maloney*, the employee of an independent contractor that had been hired by the city of Philadelphia to erect eight sludge digester tanks at the city's Southwest Water Pollution Control Plant fell and was injured when an improperly secured stringer on the scaffolding he was climbing twisted. The employee filed suit against the city, alleging that the city was negligent under sections 414, 416 and 427 of the Restatement (Second) of Torts in failing to insure that the contractor properly erected the scaffolding.