Archer HAIN, Appellant

v.

**BOROUGH OF WEST READING; West Reading Fire Company No. 1 of West Reading, Pennsylvania; Stirling Engineering & Construction, Inc.; Envirotech & Associates, Inc.; Diseroad Wolff Kelly Clough Bucher, Inc., and Gigliotti Iron Works, Inc.**

Commonwealth Court of Pennsylvania.

Argued Nov. 9, 2009.

Decided Dec. 23, 2009.

Edwin L. Stock, Reading, for appellant.

Anthony R. Sherr, Blue Bell, for appellees, Borough of West Reading and West Reading Fire Company No. 1 of West Reading, Pennsylvania.

Jonathan D. Herbst, Philadelphia, for appellee, Stirling Engineering & Construction, Inc.

Lisa Bellino Apelian, Philadelphia, for appellee, Envirotech & Associates, Inc.

BEFORE: COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

■ Archer Hain (Hain) appeals from orders of the Court of Common Pleas of Berks County (trial court) granting summary judgment to the Borough of West Reading (Borough), West Reading Fire Company No. 1 (Fire Company), Gigliotti Iron Works, Inc. (Gigliotti), Stirling Engineering & Construction, Inc. (Stirling) and Envirotech & Associates, Inc. (Envirotech) in connection with a negligence lawsuit filed by Hain.[1] We affirm.

The Borough contracted with Stirling to construct a new fire house for the Fire Company. The Borough retained Envirotech to handle inspections and to provide reports to the Borough on the construction process. In correspondence with the Borough, Envirotech agreed to: (1) provide inspections totaling approximately seven hours per week; (2) attend all formal job meetings; (3) review all change orders for form and appropriateness; (4) review all applications for payment; (5) notify the architect of any issues arising from inspection activities; (6) keep a project diary and take photos throughout the course of the project for use in case of disputes; and (7) provide a monthly written report to the appropriate Borough representative in order to document progress.

Stirling hired F.L. Royer (Royer) as a masonry subcontractor for the project. Stirling controlled the day-to-day operations of the project, including the supervision of Royer. Hain was an employee of Royer. Gigliotti was the steel subcontractor for the project. Pursuant to the contract, Gigliotti was to use only galvanized steel; however, Gigliotti used some non-galvanized steel, which had to be replaced with galvanized steel after the initial masonry work was completed. On October 10, 2002, Hain was repairing masonry damaged in the replacement of the steel when he fell from scaffolding and suffered injuries.

Hain sued the Borough, the Fire Company, Stirling and Envirotech in negligence. The defendants filed motions for summary judgment, which the trial court granted. The trial court concluded that: (1) the Borough and Fire Company were entitled to governmental immunity pursuant to the Act known as the Political Subdivision Tort Claims Act (Tort Claims Act);[2] (2) Stirling was entitled to "statutory employer" immunity under the Workers' Compensation Act (WC Act);[3] and (3)

---

1. The trial court's July 6, 2007, order granted summary judgment to the Borough, the Fire Company and Gigliotti; the trial court's November 13, 2007, order granted summary judgment to Stirling; and the trial court's April 24, 2009, order granted summary judgment to Envirotech. Hain also appeals from the trial court's October 26, 2007, order denying him reconsideration of the July 6, 2007, order. However, we note that an order denying reconsideration is not an appealable order. *Thorn v. Newman*, 113 Pa.Cmwlth. 642, 538 A.2d 105 (1988).

2. 42 Pa.C.S. §§ 8541–8542.

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2708. We note that Royer was liable to Hain for workers' compensation benefits.

Envirotech did not have a duty to inspect the work site for safety. Hain now appeals to this court.

## I. Governmental Immunity

Hain first argues that the trial court erred in granting summary judgment to the Borough and the Fire Company based on governmental immunity. We disagree.

Section 8542(a) of the Tort Claims Act provides that a local agency shall be liable for damages on account of an injury to a person if: (1) the damages would be recoverable under common law if the injury were caused by a person not having available governmental immunity; and (2) the injury was caused by the negligent act of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the exceptions to governmental immunity set forth in section 8542(b) of the Tort Claims Act, 42 Pa.C.S. § 8542(b).

■ Hain contends that the Borough and Fire Company can be held accountable for his injuries under the real property exception to governmental immunity, which imposes liability on a local agency for the negligent care, custody or control of real property in its possession. Section 8542(b)(3) of the Tort Claims Act, 42 Pa. C.S. § 8542(b)(3). However, in *Maloney v. City of Philadelphia*, 111 Pa.Cmwlth. 634, 535 A.2d 209 (1987), *appeal denied*, 519 Pa. 669, 548 A.2d 258 (1988), this court held that the real property exception to governmental immunity does not apply to the negligent care, custody or control of scaffolding because scaffolding is not real property. Because Hain suffered his injuries as a result of his fall from scaffolding, we conclude that the trial court did not err in granting summary judgment to the Borough and Fire Company.[4]

## II. "Statutory Employer" Immunity

Hain next argues that the trial court erred in granting summary judgment to Stirling based on the "statutory employer" immunity provided by the WC Act when, under the facts of this case, "statutory employer" immunity deprives Hain of his constitutional right to redress through the courts. We disagree.

■ Section 203 of the WC Act provides as follows:

An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

77 P.S. § 52. Here, the Borough contracted with Stirling to construct a new fire house. Stirling hired Royer as masonry subcontractor for the project, and Hain was an employee of Royer. Stirling controlled the day-to-day operations of the project on the premises, including supervision of the subcontractors. Stirling permitted Hain to enter the premises to

---

4. Hain attempts to distinguish *Maloney* by arguing that he was injured by the negligent care, custody or control of the **place** where the scaffolding was erected. Hain asserts that the Borough and Fire Company breached a duty to protect him from, or warn him of, a dangerous condition **on** the real property, i.e., the scaffolding. Hain states that the scaffolding had to be erected a special way because of the constraints of space inside the bell tower, where Hain was working when he fell, and that the scaffolding lacked safety bars because of its proximity to the hose tower. However, because Hain's injuries were caused by the scaffolding erected **on** the real property, not by the real property itself, we reject Hain's argument.

perform the masonry work entrusted to Royer. Thus, Stirling was a "statutory employer" liable under the WC Act. As such, Stirling was immune from a suit in negligence at common law.

Hain argues that Royer, rather than Stirling, provided the workers' compensation coverage in this case; thus, Hain should be permitted to sue Stirling at common law for negligence. Hain contends that, to the extent section 203 of the WC Act precludes a suit at common law against Stirling, section 203 deprives him of his constitutional right to redress through the courts. *See* Pa. Const., art. I, § 11 (stating that every person for an injury done him in his person shall have remedy by due course of law). We disagree.

Article 3, Section 18 of the Pennsylvania Constitution authorizes the General Assembly to enact laws requiring employers to pay reasonable compensation to employees for injuries arising in the course of their employment, regardless of fault. Pursuant to this constitutional provision, the General Assembly enacted the WC Law, including section 203. Although section 203 precludes Hain from seeking damages for his injuries from Stirling under the common law, the WC Act provides Hain with a remedy for the injuries he suffered through Royer. Thus, section 203 of the WC Act does not deprive Hain of his constitutional right to a remedy by due course of law for an injury done to his person.

### III. Duty to Perform Safety Inspections

■ Finally, Hain argues that the trial court erred in granting summary judgment to Envirotech based on Envirotech's lack of a duty to inspect the work site for safety. Hain asserts that Envirotech had a contractual obligation to perform "in-

spections" for the project and that, pursuant to construction meeting minutes, Envirotech's project manager was the "owner's representative" on the project. Hain contends that such evidence creates a genuine issue of material fact as to whether Envirotech had a duty to perform safety inspections on the work site. We disagree.

As the trial court recognized, the Envirotech agreement, set forth in correspondence between the Borough and Envirotech, did not require Envirotech to conduct safety inspections. Moreover, there is no evidence that Envirotech's project manager, as the "owner's representative," was to address safety issues, especially when Stirling was contractually obligated to handle the safety of the work site.

Accordingly, we affirm.

### ORDER

AND NOW, this 23rd day of December, 2009, the orders of the Court of Common Pleas of Berks County, dated July 6, 2007, October 26, 2007, November 13, 2007, and April 24, 2009, are hereby affirmed.