541 A.2d 413

John A. Sippos, an Incompetent, by Irene Sippos, his Guardian, Appellant *v.* Eleanor B. Richards et al., Appellees.

Argued March 22, 1988, before Judges MACPHAIL and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Michael Ira Markowitz*, for appellant.

*Robert McDermott*, Deputy Attorney General, with him, *Thomas L. Donahoe*, Deputy Attorney General, *Mark E. Garber*, Chief, Tort Litigation Unit, Department of Transportation, and *LeRoy S. Zimmerman*, Attorney General, for appellees.

OPINION BY JUDGE MACPHAIL, May 12, 1988:

Appellant John A. Sippos appeals an order of the Court of Common Pleas of Allegheny County which granted Appellee Department of Transportation's (Department) motion for judgment on the pleadings and dismissed Appellant's amended complaint against the Department. We affirm.

On June 11, 1984, Appellant was injured when his motorcycle collided with a vehicle driven by Appellee Eleanor B. Richards, at the intersection of Curry Hollow Road and Arbor Lane in the Borough of Pleasant Hills, Allegheny County. In an amended complaint filed June 11, 1986, Appellant alleged that the Department and the County of Allegheny had a joint duty to improve and maintain the portion of Curry Hollow Road on which the accident occurred and that the Department was negligent in failing to install a traffic light at the intersection of Curry Hollow Road and Arbor Lane prior to Appellant's accident. The Department thereafter filed an answer and new matter to the amended complaint, and Appellant responded with a reply to new matter.

The Department, on September 30, 1986, filed a motion for judgment on the pleadings. In the motion, the Department alleged that it had neither a statutory nor a common law duty to erect traffic controls at the intersection in question. On December 17, 1986, the court of common pleas granted the motion and dismissed Appellant's amended complaint.

In an appeal of a grant of judgment on the pleadings, our scope of review of the common pleas court order is limited to a determination of whether there has been an error of law or abuse of discretion. *Agostine v. School District of Philadelphia,* 106 Pa. Commonwealth Ct. 492, 527 A.2d 193 (1987). We note that a motion for judgment on the pleadings may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be fruitless. *E-Z Parks, Inc. v. Philadelphia Parking Authority,* 110 Pa. Commonwealth Ct. 629, 532 A.2d 1272 (1987).

Appellant argues, first of all, that the pleadings do not disclose whether the portion of Curry Hollow Road on which the accident occurred was adopted as a state highway pursuant to Section 101 of what is known as the "State Highway Act of 1961" (Act), Act of September 18, 1961, P.L. 1389, *as amended,* 36 P.S. §1758-101. This assertion is based on the fact that Appellant, in his reply to new matter, denied the Department's claim that the road was a state highway and that the Department's duties and obligations were limited by Section 103 of the Act, 36 P.S. §1758-103.[1]

---

[1] In response to the Department's averment that the portion of Curry Hollow Road at issue was adopted as a state highway, Appellant stated that "after reasonable investigation, [he] is without knowledge or information sufficient to form a belief as to the truth of the averment. . . ." We agree with Appellant that this response constitutes a denial under Pa. R.C.P. No. 1029(c).

As this Court has stated previously, "[a] motion for judgment on the pleadings is in the nature of a demurrer in which all of the opposing party's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the objecting party may be considered against him." *E-Z Parks,* 110 Pa. Commonwealth Ct. at 633, 532 A.2d at 1275. Appellant's claim in the case before us is that the Department's allegation that Curry Hollow Road is a state road and that, accordingly, the Department's obligations with respect thereto are limited may not be considered against Appellant because Appellant, as the party objecting to the motion, denied it.

The Department contends that the portion of Curry Hollow Road on which the accident occurred is a state-owned highway based on Section 101 of the Act, 36 P.S. §1758-101, which designates the following as a state highway:

> Route 02294. Beginning at the intersection of Curry Hollow Road and Brownsville Road; thence over Curry Hollow Road to its intersection with Pa. 51 in Pleasant Hills Borough, a distance of 1.50 miles.

We are unable to deduce from the above-quoted provision of Section 101 whether Route 02294 includes the intersection of Curry Hollow Road and Arbor Lane. As suggested by Appellant, this outstanding factual issue could preclude judgment on the pleadings. We do not believe, however, that this is a *material* fact to the case before us because we conclude that the Department had no duty to install a traffic light at the intersection in question regardless of whether or not the intersection was included in the portion of Curry Hollow Road designated as a state-owned highway.

If the portion of Curry Hollow Road on which the accident occurred is state-owned, the Department is

subject to the provisions of the Act. Section 103, 36 P. S. §1758-103, setting forth the rights, obligations, liabilities and duties of the Department, however, provides in pertinent part: "This article is not intended and shall not be construed: (1) To place upon the Commonwealth any duty to regulate traffic upon or police such highways. . . ." Despite Appellant's arguments to the contrary, we conclude that this provision relieves the Department of responsibility for placing a traffic signal at the intersection at which Appellant's accident occurred. The Act imposes no such duty, and we will not construe it to do so.

Appellant argues, additionally, that the Department had a duty to erect a traffic signal at the intersection of Curry Hollow Road and Arbor Lane, regardless of whether the intersection was part of a state-owned highway, based on Section 6122(a)(2) of the Vehicle Code (Code), 75 Pa. C. S. §6122(a)(2). This section provides in part: "Local authorities shall obtain approval of the department prior to erecting any traffic signal. . . ."

According to Appellant, Section 6122(a)(2) should impose a common law duty of care on the Department not to withhold unreasonably approval for a traffic signal. We cannot accept this specious argument. Section 6122(a)(2) grants the Department the *authority* to approve the erection of traffic signals by local authorities. This section in no way imposes a *duty* on the Department to issue such approval. Appellant has alleged no facts which would create a duty, and no facts to demonstrate that the local authorities had approached the Department for approval for a traffic signal.

We, furthermore, reject Appellant's argument that Section 6124 of the Code, 75 Pa. C. S. §6124 (erection of traffic-control devices at intersections), imposes a duty on the Department with regard to the intersection in question. Section 6124, which provides that the Depart-

ment "may erect and maintain . . . traffic control devices," is clearly discretionary.

Finally, we cannot agree with Appellant's contention that the Department's allegations, raised in its answer and new matter, that it is not liable under Section 6122(a)(2) cannot be considered against Appellant because he did not specifically admit it. *See E-Z Parks.* The imposition of a duty of care under Section 6122(a)(2) is, of course, not a factual allegation which may be admitted or denied, but a conclusion of law to which no reply is required. *See* Pa. R.C.P. No. 1029; *Kappe Associates, Inc. v. Aetna Casualty and Surety Co.*, 234 Pa. Superior Ct. 627, 341 A.2d 516 (1975).

Inasmuch as we conclude that there are no material facts at issue and that the Department had no legal duty to install a traffic signal at the intersection of Curry Hollow Road and Arbor Lane, we hold that the trial court did not err in granting the Department's motion for judgment on the pleadings and dismissing Appellant's amended complaint against the Department.

Order affirmed.

## ORDER

The order of the Court of Common Pleas of Allegheny County granting the Department of Transportation's motion for judgment on the pleadings and dismissing Appellant John A. Sippos' amended complaint against the Department is hereby affirmed.