570 A.2d 1360

COMMONWEALTH of Pennsylvania, Appellant,

v.

Robert A. BENDAS and Martin T. Bendas, Township of White Deer, Merrill C. Perry and Marilyn B. Perry, Appellees.

COMMONWEALTH of Pennsylvania

v.

Merrill C. PERRY and Marilyn B. Perry, husband and wife, Robert A. Bendas, Township of White Deer, Appellees.

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1989.

Decided Feb. 6, 1990.

Reargument Denied March 28, 1990.

Thomas M. Devlin, Deputy Atty. Gen., Torts, Litigation Section, for appellant.

Brad M. Jackman, with him, Charles H. Saylor and Thomas E. Boop, Sunbury, Jackman and Dixon, Doylestown, for appellees.

Before CRUMLISH, Jr., President Judge, and COLINS and McGINLEY, JJ.

## OPINION

CRUMLISH, Jr., President Judge.

The Commonwealth, Department of Transportation (DOT), appeals a Union County Common Pleas Court order which, in pertinent part, denied its motion for summary judgment.[1] We affirm.

This controversy arises out of an accident in which an automobile driven by Robert Bendas collided with Merrill Perry's vehicle at the intersection of Legislative Route (L.R.) 475, a Commonwealth highway and Township Road

---

1. By Order dated May 3, 1989, this Court granted DOT's petition for permission to appeal an interlocutory order.

533 in White Deer Township (Township). Bendas and Perry instituted separate suits, alleging that both the Township and DOT negligently failed to erect traffic control devices at the intersection or, in the alternative, failed to correct a dangerous condition.

The court denied DOT's motions for summary judgment,[2] holding it owed a duty to erect traffic signals at the intersection and thus Bendas and Perry had stated a cause of action against it.

DOT contends that it is not liable for failing to perform the discretionary act of erecting traffic control devices. Section 6122(a)(2) of the Vehicle Code (Code), 75 Pa.C.S. § 6122(a)(2), gives to the Department the authority merely to approve the erection of traffic signals by local authorities. Section 6124 of the Code, 75 Pa.C.S. § 6124, further provides that the Department *"may* erect and maintain ... traffic control devices."* (Emphasis added.) In *Sippos v. Richards,* 116 Pa.Commonwealth Ct. 124, 541 A.2d 413 (1988), we held that these sections impose no duty on the Department either to approve the erection of traffic signals by local authorities or to erect traffic control devices.

Here, the common pleas court distinguished *Sippos,* reasoning that Section 103 of the State Highway Act of 1961 (Act), Act of September 18, 1961, P.L. 1389, *as amended,* 36 P.S. § 1758-103, relieving the Commonwealth of any duty to regulate traffic or police highways, pertained only to local roads adopted as state highways pursuant to Section 101 of the Act, 36 P.S. § 1758-101. Rather, we found that ownership of the highway was immaterial, inasmuch as neither the Act nor the Code imposed the asserted duty. *Sippos* was not, however, decided with reference to the exceptions to sovereign immunity defined in the Judicial

**2.** The common pleas court granted the Township's motions for summary judgment, concluding that it had no duty to erect traffic control devices. Bendas appealed that order which matter appears at *Bendas v. Township of White Deer,* 131 Pa.Commonwealth Ct. 138, 569 A.2d 1000 (1990). Although Perry likewise appealed the order dismissing the Township and was a named respondent here, those suits were settled during the pendency of this appeal.

Code, 42 Pa.C.S. § 8522(b). It is this interplay and apparent conflict between DOT's authority under the Vehicle Code and its potential liability under the exceptions to sovereign immunity which we must now address.

■ In *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), our Supreme Court said that in order to ascertain the duty owed by the Commonwealth in a specific situation, we must first examine the exception to sovereign immunity within which the appellant contends his claim falls. In this case, as in *Snyder,* the fourth exception, governing dangerous conditions of state highways, applies. 42 Pa.C.S. § 8522(b)(4).[3] To state an actionable claim within this exception, one must allege that an artificial condition or defect of the highway itself caused the injury to occur. *Snyder; see Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

The corresponding duty owed by the Commonwealth agency requires, in general terms, that it provide reasonably safe highways, *Wyke v. Ward,* 81 Pa.Commonwealth Ct. 392, 474 A.2d 375 (1984), safe for the activities for which they are regularly used, intended to be used or reasonably foreseen to be used. *Snyder.* More specifically, the court must analyze the relationship between the parties and balance the various competing interests and costs involved in providing the requested protection. *Mindala v. American Motors Corp.,* 518 Pa. 350, 543 A.2d 520 (1988); *Huber v. Department of Transportation,* 122 Pa.Commonwealth Ct. 82, 551 A.2d 1130 (1988). Thus, the determination of the

3. That section reads as follows:
   (b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
   . . . .
   (4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

nature of the duty owed is a question of law, necessarily dependent on the facts of the incident in question.

Statutes pertaining to the same subject matter should be construed in pari materia, if possible. 1 Pa.C.S. § 1932. Moreover, the Court must presume that the General Assembly did not intend an absurd or unreasonable result. 1 Pa.C.S. § 1922; *Unionville–Chadds Ford School District v. Rotteveel*, 87 Pa.Commonwealth Ct. 334, 487 A.2d 109 (1985).

■ We cannot interpret Sections 6122(a)(2) and 6124 of the Vehicle Code to reach the conclusion that DOT could act to design, build, adopt, improve and/or maintain a roadway, yet ignore obvious potential hazards created by inadequate traffic control signals thereon because its authority to erect such signals and devices ab initio is purely discretionary. Such an interpretation is absurd and contrary to the intent of the legislature in enacting the highway exception to immunity. 42 Pa.C.S. § 8522(b)(4). Rather, it is reasonable and consistent to construe Vehicle Code Sections 6122(a)(2) and 6124 as giving DOT the authority to erect traffic signals, which authority can be abused if not exercised where a dangerous condition has arisen. Such an abuse of the authority under the Vehicle Code is tantamount to a breach of duty under the Judicial Code's highway exception to sovereign immunity.

In addressing the factors addressed in *Mindala*, we note that DOT, as the Commonwealth agency empowered to establish statewide highway designations and regulations, 75 Pa.C.S. § 6109, must act in the interests of the Commonwealth's travelling public. Thus, the relationship between DOT and the travelling public is sufficient, in the context of the highway exception, to impose some affirmative duty.

Further, while there is no doubt of the magnitude of DOT's responsibility to monitor the Commonwealth's highways and facilitate appropriate safety measures, we hasten to point out that liability under the highway exception to governmental immunity is limited to situations where DOT

has palpably failed to provide reasonably safe conditions. Not every intersection, either as designed or in and of itself, constitutes a dangerous condition. *Wyke v. Ward.* Therefore, the imposition of a duty to erect appropriate traffic control devices in some circumstances is consistent with the highway exception to governmental immunity and does not outweigh the interests and rights of the travelling public to safely traverse Commonwealth highways.

Given our limited scope of review of a common pleas court's denial of summary judgment and the well-settled principle that summary judgment may be granted only in cases where the right is clear and free from doubt, *DiMino v. Borough of Pottstown,* 129 Pa.Commonwealth Ct. 154, 564 A.2d 1329 (1989), we affirm the order of the common pleas court.[4]

## ORDER

The orders of the Union County Court of Common Pleas, Nos. 67, 1984, and 378, 1985 dated February 14, 1989 and March 23, 1989, are affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent to the majority opinion.

The majority concludes that Sections 6122(a) and 6124 of the Vehicle Code[1] give DOT the authority to erect traffic

---

4. In its opinion, the common pleas court also precluded Bendas from proceeding on a defective design theory because he had failed to specifically allege that basis for negligence in his complaint. The court further opined that he would be precluded from amending his complaint because the statute of limitations had long since expired. Although Bendas alleges that this conclusion constitutes reversible error, we note that Bendas has not appealed this order and has not preserved this issue by actually seeking to amend his complaint or otherwise petitioning for an appealable order.

1. Sections 6122(a) and 6124 of the Vehicle Code, 75 Pa.C.S. §§ 6122(a) and 6124 provide as follows:

   § 6122.
      (a) General rule.—The department on State-designated highways and local authorities on any highway within their boundaries may erect official traffic-control devices, which shall be installed and maintained in conformance with the manual and regulations pub-

signals, which authority can be abused if not exercised where a dangerous condition has arisen. Thus, the majority holds that an abuse of this authority is tantamount to a breach of duty under the Judicial Code's highway exception to sovereign immunity.

Sections 8522(b)(4) and (5) of the Judicial Code, 42 Pa.C.S. § 8522(b)(4) and (5) provide:

**(b) Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

. . . .

**(4) Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

**(5) Potholes and other dangerous conditions.** A dangerous condition of highways under the jurisdiction of a

lished by the department upon all highways as required to carry out the provisions of this title or to regulate, restrict, direct, warn, prohibit or guide traffic.

(1) Local authorities shall obtain approval of the department prior to erecting an official traffic-control device on a State-designated highway except where department regulations provide otherwise.

(2) Local authorities shall obtain approval of the department prior to erecting any traffic signal except in a municipality with a traffic engineer qualified in accordance with department regulations.

§ 6124.

The department on State-designated highways, including intersections with local highways, and local authorities on intersections of highways under their jurisdiction may erect and maintain stop signs, yield signs or other official traffic-control devices to designate through highways or to designate intersections at which vehicular traffic on one or more of the roadways should yield or stop and yield before entering the intersection.

Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Property damages shall not be recoverable under this paragraph.

I would interpret a dangerous condition of the highway under Sections 8522(b)(4) and (5) to be limited in scope to defects in the *highway itself.*

Also, the majority in note 4 on page 5 of its opinion states that Bendas was precluded from proceeding on a defective design theory because the common pleas court would not allow Bendas to amend his complaint after the statute of limitations had expired. As is noted, Bendas has not appealed and thus has not preserved this issue. Consequently, only Bendas' allegation that DOT was negligent in failing to erect traffic control devices at the intersection was properly before the common pleas court.

Without an allegation of defective design or dangerous condition of the highway itself, I would find that liability cannot be imposed on DOT under Sections 6122(a) and 6124 of the Vehicle Code for a failure to erect traffic control devices at the intersection in question. I would reverse the order of the common pleas court and direct that DOT's motion for summary judgment be granted.