578 A.2d 72

Edward Gleason BARTELL, Jr., a minor, by Karl R. UNDER-HILL, his guardian, and Edward G. Bartell, Sr., and Patricia L. Bartell, his wife, individually, Appellants,

v.

Barry L. STRAUB and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Commonwealth Court of Pennsylvania.

Argued April 5, 1990.

Decided July 13, 1990.

Reargument Denied August 31, 1990.

David B. Dowling, with him, Kathleen J. Haynes, Rhoads & Sinon, Harrisburg, and H. William Koch, Koch & Faust, Milton, for appellants.

Mark E. Morrison, Deputy Atty. Gen., with him, Stephen E. Geduldig, Deputy Atty. Gen., and Mark E. Garber, Chief of Torts Litigation Section, for appellees.

Before COLINS, PALLADINO and McGINLEY, JJ.

McGINLEY, Judge.

Edward Gleason Bartell, Jr. (Eddie) and his parents (collectively Appellants) have appealed from an order of the Court of Common Pleas of Snyder County (trial court), dated June 13, 1989, denying Appellants' motion to remove the nonsuit granted after the presentation of Appellants' case to the jury but before deliberations began. We affirm.

Appellants initiated the present action by filing a complaint in the trial court alleging that, on March 25, 1984, a vehicle driven by Barry L. Straub failed to negotiate a poorly designed curve and struck Eddie, who was then thirteen years of age. Eddie was critically injured and remains severely disabled. He will never be able to work

and will require constant care for the rest of his life. The complaint alleges that Mr. Straub's negligent conduct as well as numerous acts or omissions by the Pennsylvania Department of Transportation (DOT) caused the accident and, in turn, Eddie's injuries. In particular, the complaint alleges that the highway was defective and dangerous because the curve, where the accident occurred, narrowed from twenty-one feet to nineteen feet, four inches and because an excessive drop-off existed between the roadway and the berm for the entire length of the curve.

At the jury trial which commenced on September 26, 1988, Appellants presented the testimony of Professor David J. Schorr, an expert in highway safety and accident reconstruction. Dr. Schorr testified that curbing caused the accident. Notes of Testimony, dated September 27, 1988 (N.T.), at 145. Curbing occurs when the sides of a vehicle's wheels or tires become parallel with the highway, causing the shoulder area to erode and producing a drop-off. N.T. at 96 and 117–118. When the wheels of a vehicle leave the paved portion of the highway, the tires travel along the side of the drop-off and cannot turn without creating pressure. N.T. at 96–97. Dr. Schorr opined that the three to five inch drop-off which existed at the time of the accident was unsafe. N.T. at 145. He also testified that the narrowing of the curve in question violated accepted engineering standards. N.T. at 152.

At the conclusion of Appellants' case, DOT made an oral motion for nonsuit arguing that, since the pothole exception to sovereign immunity, 42 Pa.C.S. § 8522(b)(5), applies, Appellants were required to prove that DOT had notice of the dangerous condition. The trial court then granted a nonsuit holding that Appellants had failed to prove compliance with the notice requirement. The jury deliberated with Mr. Straub as the sole defendant and rendered a one and a half million dollar verdict against him. After Appellants' motion to remove the nonsuit was denied on June 13, 1989, they filed a timely appeal with this Court.

Our review of the trial court's refusal to remove the nonsuit is governed by the following standard:

[A] nonsuit is an extraordinary intervention into the jury process and as such is properly entered only in a clear case. A nonsuit may not be granted unless the jury, viewing all the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established.

*Mazza v. Mattiace*, 284 Pa.Super. 273, 277, 425 A.2d 809, 811–12 (1981) (citations omitted).

Appellants contend that the real property exception contained in 42 Pa.C.S. § 8522(b)(4) is the applicable sovereign immunity exception and that, under this section, no notice is required.[1] Appellants assert that the dangerous condition was created because the roadway narrowed at the curve causing vehicles to ride onto the berm thereby increasing the drop-off. Because of evidence that rain worsened the deteriorating condition of the berm, the trial court held that the pothole exception applies. The trial court relied on *Cressman v. Department of Transportation*, 114 Pa.Commonwealth Ct. 348, 351, 538 A.2d 992, 994 (1988), wherein this Court stated that Section 8522(b)(5) requires notice

---

1. The two sovereign immunity exceptions at issue are:

  **(4) Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

  **(5) Potholes and other dangerous conditions.**—A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Property damages shall not be recoverable under this paragraph.

  42 Pa.C.S. §§ 8522(b)(4)–(5).

when the hole in question "is caused by a combination of traffic and the natural elements."

However, *Cressman* involved an obvious pothole which was created by the combination described in Section 8522(b)(5) and which DOT negligently failed to repair. In the present case, Appellants allege a dangerous condition in the nature of an excessive drop-off. Because there are no readily apparent similarities between a pothole and an excessive drop-off caused by a narrowing curve, *Cressman* is distinguishable.

Moreover, in *Department of Transportation v. Consolidated Rail Corporation*, 102 Pa.Commonwealth Ct. 611, 519 A.2d 1058 (1986), Conrail sued DOT alleging that negligently maintained drainage facilities resulted in a landslide which caused a train wreck. The jury returned a verdict in favor of Conrail and against DOT. On appeal to this Court, DOT argued that it should have been granted a judgment notwithstanding the verdict based upon the applicability of the pothole exception and because DOT had not received written notice of the pothole. We affirmed finding that the landslide was caused by DOT's negligence rather than natural elements. Likewise, Dr. Schorr's testimony establishes that the narrowing of the curve created the excessive drop-off. The trial court therefore erred by not proceeding under the real property exception. 42 Pa.C.S. § 8522(b)(4).

We further note that, despite application of the real property exception, DOT cannot be held liable absent a finding that the dangerous condition itself caused Eddie's injuries. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). In *Crowell v. City of Philadelphia*, 131 Pa.Commonwealth Ct. 418, 570 A.2d 626 (1990), the Crowell vehicle was struck by another automobile, driven by Henry B. Lewis, which crossed over the median divider because of a misleading traffic sign. The traffic sign indicated that the road curved to the left when, in fact, it curved to the right. This Court granted judgment notwithstanding the

verdict in favor of the City finding that the misleading traffic sign was not the sole cause of the accident. In other words, without Mr. Lewis' conduct, no injuries would have occurred. Similarly, no liability can attach to DOT because the jury verdict against Mr. Straub precludes a determination that the dangerous condition of the roadway itself was the sole cause of the accident.

Under the doctrine of collateral estoppel, there can be no future litigation in which DOT's negligence may be found to be the sole cause of Eddie's injuries. "[C]ollateral estoppel ... act[s] as a bar in [a] second action ... as to those matters in issue that '(1) are identical; (2) were actually litigated; (3) are essential to the judgment ...; and (4) were "material" to the adjudication?'" *King v. State Employes' Retirement Board*, 129 Pa.Commonwealth Ct. 444, 450, 566 A.2d 323, 326 (1989) (citation omitted). A jury has already determined that Mr. Straub's negligence was a substantial factor in bringing about the harm to Eddie. There has been no appeal of the jury verdict against Mr. Straub and Appellants are now precluded from asserting that DOT alone is liable. *See Crowell.*

In conclusion, we hold that the trial court committed an error of law by not proceeding under the real property exception. However, the jury verdict against Mr. Straub precludes imposition of liability on DOT even under that exception. DOT is therefore entitled to a nonsuit although for reasons not addressed by the trial court. Accordingly, we affirm the order refusing to remove the nonsuit.

## ORDER

And now, this 13th day of July, 1990, we hereby affirm the order of the Court of Common Pleas of Snyder County, dated June 13, 1989, denying the above-captioned Appellants' motion to remove the nonsuit granted in favor of the Pennsylvania Department of Transportation after the presentation of Appellants' case to the jury.

CRUMLISH, Jr., Former President Judge, did not participate in the decision in this case.