## Furyesz v. Lane Construction Corp.

*Craig A. Markham,* for plaintiffs.
*John F. Mizner* and *S.E. Riley,* for the Common-wealth.

LEVIN, *J.,* March 15, 1991 — Before this court is the motion of defendants Pennsylvania Department of Transportation and the Commonwealth of Pennsylvania requesting that this court grant summary judgment in their favor.

This action arises from a work-related accident which occurred on June 2, 1987, at a highway construction site on Interstate 90 in Harborcreek Township, Pennsylvania. At the time of the accident, defendant PennDOT had entered into a contract for construction and improvement of portions of this highway with defendant Lane Construction Company. The work involved removing and replacing five miles of concrete-reinforced highway and rehabilitation of bridges within that expanse of roadway. Before construction began, PennDOT delivered temporary possession of the project site to Lane. Defendant Lane entered into a subcontract with defendant Conn Construction Co., whereby Conn was to furnish all labor, materials and equip-

ment necessary to complete the work at the construction site. At all relevant times, plaintiff Furyesz was an ironworker employed by Conn.

On June 2, 1987, plaintiff Furyesz allegedly suffered personal injuries when he slipped on an access road. This road permitted workers and equipment a means of access to the underside of the bridges being repaired. This access road had been cut by defendant Conn after possession of the property had passed to Lane.

Defendant PennDOT denies liability and asserts the immunity provisions of the Sovereign Immunity Act under 42 Pa.C.S. §8521 et seq. There are eight exceptions to the general rule of sovereign immunity. Plaintiff attempts to impose liability on Penn-DOT through 42 Pa.C.S. §8522(b)(4), an exception regarding Commonwealth real estate, highways and sidewalks. It is plaintiff's argument that the access road in question was a dangerous condition of real estate because it lacked steps, a handrail and other safety measures. The section in question provides as follows:

"(a) *Liability imposed* — The General Assembly . . . does hereby waive, in the instances set forth in section (b) only and only to the extent set forth in this subchapter . . . sovereign immunity . . . for damages arising out of a negligent act where damages would be recoverable under the common law. . .

"(b)(4) *Commonwealth real estate, highways and sidewalks* — A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth

agency, except conditions described in paragraph (5)." 42 Pa.C.S. §8522.

Exceptions to the rule of governmental immunity are to be construed narrowly. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987); *Love v. City of Philadelphia,* 518 Pa. 370, 543 A.2d 531 (1980).

Since this case involves a motion for summary judgment against plaintiff, the court must resolve all factual disputes in favor of the plaintiff. *Trenco Inc. v. Commonwealth, Department of Transportation,* 126 Pa. Commw. 501, 560 A.2d 285 (1989). Pennsylvania Rule of Civil Procedure 1035(b) provides that summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." It is not this court's function to decide issues of fact, but solely to determine whether there are issues of fact to be tried. *Thorsen v. Iron & Glass Bank,* 328 Pa. Super. 135, 476 A.2d 928 (1984).

Inasmuch as the controlling issue on this motion for summary judgment is not one of fact but one of law, the issue is ripe for summary judgment determination. The legal issue, simply put, is whether the immunity provided under the Sovereign Immunity Act, 42 Pa.C.S. §8521 et seq., exempts the defendants from liability for the accident in question.

As a general proposition of law, PennDOT is immune from suit unless plaintiff's claim is cognizable under the common law and falls within one of the eight enumerated exceptions to immunity under 42 Pa.C.S. §8522(b). PennDOT has asserted the immunity provided by this statute, thus the burden lies with plaintiff to establish that its cause of action is

cognizable under common law and falls within an enumerated exception.

Plaintiff's theory is that PennDOT is directly liable to plaintiff under section 413 of the Restatement (Second) of Torts, and that such liability brings the action within the real property exception to government immunity, 42 Pa.C.S. §8522(b)(4). Section 413 of the Restatement (Second) of Torts reads as follows:

"§413. *Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor*

"One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

"(a) fails to provide in the contract that the contractor shall take such precautions, or

"(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."

Plaintiffs have acknowledged in their brief that "the risk of harm to plaintiff arose from the dangers inherent in the manner in which Conn and Lane provided access for the steelworkers to the bridge's substructure." Thus, it is not an act of defendant PennDOT or a dangerous condition of Commonwealth real estate through which plaintiff seeks to impose liability, but an act of Conn.

In determining whether defendant, as a matter of law, is directly liable to plaintiffs under section 413, the court must first review the general scope of the real estate exception. In *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989), the Pennsylvania Supreme

Court examined section 8522(b)(4) to determine the scope of liability imposed for negligent care of real property. Therein, the court found:

"[T]he real estate exception to the rule of immunity under this section can be applied only to those cases where it is alleged that the artificial condition or defect of the land itself causes injury, nor merely when it facilitates injury by acts of others. . ."

The Supreme Court of Pennsylvania has specifically construed such immunity provisions, holding that they preclude the imposition of liability on governmental bodies for acts of third parties. *Mascaro, supra.* Therein the court stated:

"Acts of *others,* however, are specifically excluded in the general immunity section, and are nowhere discussed in the eight exceptions. On this basis alone, we must conclude that *any harm that others cause may not be imputed the local agency or its employees.*" 514 Pa. at 362-3, 523 A.2d at 1124. (emphasis supplied)

Under *Snyder* and *Mascaro,* PennDOT is subject to liability for an actual defect in the land which causes injury. They are not, however, liable if the land merely facilitated the negligent conduct of a third party.

Plaintiffs attempt to circumvent this construction of the rule by arguing that defendant may be held liable under sections 416 and 427 of the Restatement (Second) of Torts, which impose vicarious liability on landowners for injuries caused by the dangers inherent in the job or in the manner in which it is performed by the contractor.

Contrary to plaintiffs' argument, Pennsylvania law holds that the Commonwealth is immune from vicarious liability imposed on employers of subcontractors. *Marshall v. Port Authority of Allegheny County,* 524 Pa. 1, 568 A.2d 931 (1990); *Maloney v.*

*City of Philadelphia,* 111 Pa. Commw. 634, 535 A.2d 209 (1987); *Mascaro, supra.** In *Marshall,* plaintiff, a construction company employee, was injured while performing demolition work on a railway bridge owned by a Commonwealth agency. The Pennsylvania Supreme Court reversed the trial court, holding that the Commonwealth agency was immune from vicarious liability as there had not been a negligent act by the Commonwealth such as to apply one of the exceptions to sovereign immunity set forth in 42 Pa.C.S. §8522(b). Therein, the Supreme Court stated:

"The exceptions provided in the statute expressly contemplate acts 'by a Commonwealth party' as providing the requisite basis for liability. We need not further address the scope of . . . vicarious liability under the facts presented, for, *where there has been no negligent act by a Commonwealth party, there is no basis for applying any of the exceptions to sovereign immunity.*" *Marshall, supra.* (emphasis supplied)

Similarly, in *Maloney, supra,* the Commonwealth Court held that the City of Philadelphia was immune from suit because the negligent acts complained of were those of a contractor, which did not fall within any of the eight exceptions to immunity. Under these holdings, PennDOT is immune from vicarious liability imposed on employers of contractors. By plaintiff's own admission, it was an act of the subcontractor, not PennDOT or its employees, which created the risk of harm to plaintiff. Whatever harm the contractor or subcontractor is alleged to

---

* Although both *Mascaro, supra,* and *Maloney, supra,* involve governmental immunity under 42 Pa.C.S. §8541 et seq., the holdings of those cases are applicable by analogy to the instant case involving sovereign immunity pursuant to 42 Pa.C.S. §8522 et seq.

have caused may not be imputed to PennDOT and the Commonwealth. Thus, the court cannot find as a matter of law that defendants are directly liable to plaintiffs under section 413, bringing their action within the real estate exception to sovereign immunity.

Plaintiff argues that the Commonwealth Court is split on the issue of sovereign immunity in cases where the dangerous condition of real estate merely "facilitates the injury by acts of others," and that such a split would dictate that summary judgment not be granted. This court cannot agree.

The cases plaintiff refers to are *Crowell v. City of Philadelphia,* 131 Pa. Commw. 418, 570 A.2d 626 (1990), alloc. granted 582 A.2d 1311 (1990); and *Commonwealth v. Bendas,* 131 Pa. Commw. 488, 570 A.2d 1360 (1990). In *Crowell,* the operator of a car collided with a plaintiff due to his reliance on an improper traffic control sign. The plaintiff sued the city, alleging that the negligent placement of the sign created a dangerous condition, excepting the city from immunity. Therein the court found that as the dangerous condition merely "facilitated the injury by acts of others," liability cannot be imposed on the municipality. Contrarily, in *Bendas,* the Commonwealth Court found that PennDOT could be held liable for a two-vehicle accident that was caused by a failure to erect traffic control devices.

These cases, however conflicting their holdings, are distinguishable on the facts from the case at bar. In *Crowell,* there existed an improper signal. In *Bendas,* the city failed to supply a proper signal. Herein, PennDOT did not take either an improper action or fail to take a necessary action. There is no malfeasance on the part of PennDOT. PennDOT simply turned over temporary possession of a roadway and accompanying median to a construction

company for repairs. No act or omission of Penn-DOT facilitated the injury to plaintiff. The mere fact that PennDOT owned the hillside into which Conn chose to cut a roadway does not facilitate an injury. As PennDOT cannot be held vicariously liable for the alleged negligence of its subcontractor in cutting this roadway, liability cannot be imposed. This is the case under either of the conflicting holdings relied upon by plaintiffs.

Even were this court to determine that liability under section 413 was within the enumerated exceptions to sovereign immunity, it would not provide plaintiff a basis for liability under the facts of this case. Section 413 applies only to "peculiar unreasonable risks" of physical harm involved in work entrusted to a contractor. Under comment (b) to section 413, a "peculiar risk" is better expressed as follows:

"(b) *Peculiar risk and special precautions.* It is obvious that an employer of an independent contractor may always anticipate that if the contractor is in any way negligent toward third persons, some harm to such persons may result. Thus one who hires a trucker to transport his goods must, as a reasonable man, always realize that if the truck is driven at an excessive speed, or with defective brakes, some collision or other harm to persons on the highway is likely to occur. *This section has no reference to such a general anticipation of the possibility that the contractor may in some way be negligent. It is not concerned with the taking of routine precautions,* of a kind which any careful contractor could reasonably be expected to take, against all of the ordinary and customary dangers which may arise in the course of the contemplated work. *Such precautions are the responsibility of the contractor;* and if the employer has exercised rea-

sonable care to employ a contractor who is competent and careful . . . he is not required to provide, in the contract or otherwise, that the contractor shall take them." (emphasis supplied)

The "dangerous condition" herein complained of is an unpaved road cut into a hillside in a highway median to provide access to the underside of a bridge. The accident involved plaintiff slipping as he carried some construction equipment. Under the cases construing "peculiar unreasonable risks" sufficient to impose liability under section 413, the unpaved roadway does not qualify.

In *Ortiz v. Ra-el Development Corp.,* 365 Pa. Super. 48, 528 A.2d 1355 (1987), the court confirmed the entry of summary judgment in favor of an employer of an independent contractor whose employee was injured when scaffolding collapsed. The court found the general task of working on a scaffold is not a "peculiar unreasonable risk." The court noted:

"All construction work involves a risk of some harm; only where the work is done under unusually dangerous circumstances does it involve a 'special danger' or 'peculiar risk.' " 365 Pa. Super. at 55, 528 A.2d at 1359.

Similarly, in *Marshall v. SEPTA,* 587 F.Supp. 258 (E.D. Pa. 1984), the court rejected a plaintiff's argument that removing a gate section embedded in a hillside involved peculiar unreasonable risk of harm. The district court stated:

"In order for the liability concepts involving contractors to retain any meaning, especially in industry such as construction where almost every job involves the potential for injury unless care is exercised, peculiar risk situations should be viewed narrowly." 587 F.Supp. at 264.

This court concurs in this vein of logic. Construction work, by its very nature, involves the potential for injury. Section 413 of the Restatement (Second) of Torts is limited to those situations involving a "peculiar unreasonable risk." Within the wide scope of construction risks of harm, this court cannot construe the unpaved roadway in question as peculiar. Walking or carrying construction equipment down such a roadway is not "specially dangerous." These are ordinary risks associated with a highway construction site. The conditions encountered by plaintiff are simply not of the type which are within the scope of section 413.

It is therefore the conclusion of this court that summary judgment be granted in favor of defendants PennDOT and the Commonwealth. PennDOT is immune from suit as the plaintiffs' claim does not fall within one of the enumerated exceptions to sovereign immunity under 42 Pa.C.S. §8522(b).

## ORDER

And now, March 15, 1991, it is hereby ordered, adjudged and decreed that summary judgment is granted in favor of defendants Pennsylvania Department of Transportation and the Commonwealth of Pennsylvania against plaintiffs, Richard Furyesz and Marcia Furyesz, and the aforementioned defendants are hereby dismissed from the suit.