## Barninger v. Lancaster City Department
## of Public Works

*James A. Nettleton Jr.,* for plaintiff.
*Joel D. Smith,* for defendants.

GEORGELIS, *J.,* October 8, 1992—Before us is the preliminary objection of two defendants, Columbia Borough Police Department and Columbia Borough, to the plaintiff's complaint. For the reasons stated below, we will sustain the objection.

The plaintiff's complaint presents a cause of action in negligence, which he alleges arose out of a January 3, 1990, automobile accident, in which he was injured when his car slid on a patch of ice on Route 441 in the borough and crashed into a telephone pole. He alleges that the ice formed as a result of water flowing freely from under a metal cover which had been placed alongside the roadway by another defendant, the Lancaster City Department of Public Works, for the purpose of having access to underground water lines which that defendant

maintained as part of a pumping station it operated within the borough.

As to the Police Department, the complaint alleges its negligence for failing to observe the ice and to take steps to avoid the accident. As to the borough, it alleges its vicarious liability for the alleged negligence of the Police Department. The Police Department's and the borough's preliminary objection is in the nature of a demurrer, which they set forth on four grounds.

They are: (1) that the Police Department did not have an enforceable duty to patrol the streets of the borough and to assure that they were safe and that it, therefore, could not have been negligent; (2) that the Police Department and the borough are immune from liability under Pennsylvania's governmental immunity statute, 42 Pa.C.S. §§8541 and 8542; (3) that, since Route 441 is a state designated highway, which the complaint fails to allege, it does not state a cause of action against the Police Department and the borough, which did not have the responsibility for maintaining that highway; and (4) that, since the complaint pleads the Police Department's and the borough's antecedent negligence, i.e., conduct that arose out of the alleged prior negligence of another defendant and, since the Police Department and the borough would otherwise be immune from liability, they remain so immune. This last ground was based on our Commonwealth Court's decision in *Crowell v. City of Philadelphia,* 131 Pa. Commw. 418, 570 A.2d 626 (1990), which, at the time of the filing of the parties' briefs, was on appeal to our Supreme Court, which has now decided it. *Crowell v. City of Philadelphia,* 531 Pa.

400, 613 A.2d ·1178 (1992). In their reply brief, the objecting defendants predicted the reversal of our Commonwealth Court's decision in *Crowell* and noted, as they had in their brief, that they were not relying on the fourth ground set forth in .their demurrer.

As to their second and third grounds for their demurrer, they state, in their reply brief, that the plaintiff's claim does not fall within any of the exceptions to governmental immunity and that, even if it did, because Route 441 is a state designated highway, the borough has no legal responsibility to maintain it and that the complaint, therefore, fails to state a cause of action against them. They state, further, that these matters would more appropriately be raised, after being pled as new matter, in a motion for summary judgment, and they have, consequently, abandoned these two grounds for the purpose of their demurrer. As a result, they rely on, and therefore present us for our adjudication of their demurrer, only their first-stated ground, namely, that the Police Department owed no duty to the plaintiff and could not therefore have been negligent.

The plaintiff's position is that the Police Department owed him a duty and, in support of his position, he relies primarily on *Mindala v. American Motors Corp.,* 518 Pa. 350, 543 A.2d 520 (1988), and two cases, *Commonwealth v. Bendas,* 131 Pa. Commw. 488, 570 A.2d 1360 (1990), and *Bartell v. Straug,* 134 Pa. Commw. 43, 578 A.2d 72 (1990), both of which he states were consolidated with *Crowell* by our Supreme Court. We do not believe that *Crowell* is dispositive of the issue before us, and we do not believe that *Mindala* is authority for the plaintiff's position. Furthermore, we agree with the objecting

defendants that the Police Department owed no duty to the plaintiff.

Before we begin our analysis of the duty issue before us, we note the standard by which we must be guided in adjudicating the defendants' demurrer. This standard was set forth by our Supreme Court in *Gekas v. Shapp,* 469 Pa. 1, 5-6, 364 A.2d 691, 693 (1976), when it stated:

"The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deduced, therefrom, but not conclusions of law. In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. If there is any doubt, this should be resolved in favor of overruling the demurrer." (citations omitted)

On its face, the plaintiff's complaint alleges that the Police Department owed him the duties of patrolling the borough's streets, of assuring that they were safe and of warning him of the dangerous condition created by the ice. It also alleges its breach of that duty and the borough's vicarious liability for that breach. This *Gekas* standard requires us to determine if Pennsylvania law permits recovery for these allegations.

To make this determination, we begin with the immunity from liability granted to the Police Department and the borough by 42 Pa.C.S. §8541, and we then turn to 42 Pa.C.S. §8542, which, in its subsection (b), identifies eight exceptions to this immunity but which first states, in its subsection (a):

"A local agency shall be liable for damages on a count of an injury to a person or property within the limits set forth in this subchapter if *both* of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity);..." (emphasis added)

Since the plaintiff has not alleged a statutory cause of action, we must determine whether such an action is available under Pennsylvania's common law, i.e., we must determine whether he was owed any duty, a breach of which could have resulted in the alleged negligence.

We turn first to *Mindala,* on which the plaintiff relies in support of his position. *Mindala* involved an intersection collision of two vehicles. One of them was traveling on a state designated highway and entered the intersection without stopping, because a stop sign, which previously controlled traffic traveling in its direction, was missing. The police chief of the township in which the accident occurred became aware of the missing stop sign and visited the intersection before the accident. He attempted to find the sign but, when he failed to do so, he did nothing further, even though his patrol car was equipped with warning devices which could have been used to alert motorists of the dangerous intersection and even though the township had available a portable stop sign which could have been used at the intersection on

a temporary basis. The township filed a motion for summary judgment on the ground that it did not have a duty to take corrective action or, in the alternative, that it was immune from liability.

The trial court held that there was a duty and that there was no immunity. The Commonwealth Court reversed and held that there was no duty and that the township was immune. Our Supreme Court, being evenly divided, affirmed. The opinion in support of affirmance, authored by Justice Zappala, held that the township, under the circumstances presented, had a duty to act and breached that duty but that the township was immune. The opinion in support of reversal, authored by Justice Larsen, held that the township had a duty to act and breached that duty and that the township was not immune.

In addressing what he called the "rather nebulous concept of 'duty,'" Justice Zappala stated:

"[I]n reviewing whether a duty exists the court must determine the relationship between the parties and balance the various competing interests and costs involved in providing the requested protection. This requires a determination of the probability of harm in conjunction with the inconvenience of acting to prevent that harm. Using a similar analysis, our appellate courts have found no difficulty in holding that no duty is owed to the general public by a municipality's police force for criminal acts based upon a general exercise of police powers. Thus, our case law establishes that in those instances the victims must demonstrate a special relationship which warrants protection.... In police protection, it is not for the courts but for the executive and legislative branches to determine

in the first instances the allotment of financial resources and manpower. Therefore, those prior decisions which require a special relationship between the individual and the police prior to creating any duty under the general police powers are correct. The justification for the requirement of a special relationship is the general nature of the authority for the protection of the public at large and the determination that manpower and resources limit the ability to provide constant protection for all. The police are charged generally with protecting the public at large. This requires decisions impacting upon resources and manpower. Thus, if the decision makers are incorrect in their policies then the public at large can effectuate a change by removing those decision makers." *Mindala v. American Motors Corp.,* 518 Pa. 350, 357-59, 543 A.2d 520, 524 (1988).

This language makes it clear that, because police protection involves the allotment of financial resources and manpower, it is a matter for the executive and legislative branches, not judicial branch, of government and that, because financial resources and manpower limit the ability to provide constant protection for all, it is justified to impose the requirement of a special relationship between the police and a member of the public in order for a duty to exist.

In addressing this requirement of a special relationship, Justice Zappala cited, with favor, our Superior Court's decision in *Melendez v. City of Philadelphia,* 320 Pa. Super. 59, 466 A.2d 1060 (1983), which held that an individual claiming such a relationship:

"must demonstrate that the police were: (1) aware of the individual's particular situation or unique status; (2) had knowledge of the potential for the particular harm which the individual suffered; and (3) voluntarily assumed, in light of that knowledge, to protect the individual from the precise harm which was occasioned." *Id.* at 65, 466 A.2d at 1064.

None of these elements, necessary to establish a special relationship between the plaintiff and the Police Department is pled in the complaint. Consequently, we believe that the plaintiff's complaint indicates on its face that his claim against the Police Department cannot be sustained. See *Gekas, supra.*

Returning to *Mindala,* the reason we do not believe that it is authority for the plaintiff's position on the issue before us is that it is fact distinguishable. In imposing a duty in *Mindala,* both opinions recognized, first, the Department of Transportation's exclusive jurisdiction for the placement of traffic control devices on state designated highways, pursuant to 75 Pa.C.S. §6122 and, second, the township's authority, even with the Department of Transportation's exclusive jurisdiction, to reasonably exercise its police power to regulate traffic on a state designated highway, pursuant to 75 Pa.C.S. §6109. Neither opinion, however, held that this authority to act created a duty to act. The duty arose from the knowledge of the missing stop sign and of the consequently created dangerous condition and from the resources available to the police chief to resolve the danger.

We believe that the allegations in the complaint before us differ from the fact scenario in *Mindala* in at least

two significant respects. First, as noted above, they do not contain any of the three elements required by *Melendez* to establish a special relationship between the Police Department and the plaintiff. In *Mindala,* even though Justice Zappala did not specifically state so, we believe, through his reference to the *Melendez* requirements, that those requirements were met by the police chief's knowledge of the missing stop sign and of the consequently created dangerous condition.

The second respect, in which we believe the facts before us are distinguishable from those in *Mindala,* is that the danger alleged by the plaintiff differs significantly from the one created by the circumstances in *Mindala.* We do not believe that the peril created by a reasonably prudent motorist encountering ice on a roadway during the winter even remotely approaches the peril created under the *Mindala* facts. That is, we believe that the considerations of financial resources and manpower and constant police protection for all in all circumstances, to which considerations Justice Zappala referred, when balanced under the facts presented in the case before us as compared to those in *Mindala,* tip the scale in favor of no duty on the part of the Police Department. Accordingly, we do not believe that *Mindala* is authority for the proposition that the Police Department owed the plaintiff a duty under the circumstances presented in this case.

As to *Crowell,* its holding dealt with the distinction between joint tort feasor liability and vicarious liability. The jury in *Crowell* found the city of Philadelphia actively and jointly liable with another defendant, and our Supreme Court held that our Commonwealth Court, in holding

the city immune, had overextended the holding in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), which held that the governmental immunity of 42 Pa.C.S. §8541 applied to vicarious liability. The city's active and joint liability in *Crowell* was the basis of the Supreme Court's reversal and of its holding that the city was not immune from liability. *Crowell* did not address the issue of duty and is not, therefore, dispositive of the issue before us.

As to *Bendas* and *Bartell,* they were not consolidated, as plaintiff noted in his brief, with *Crowell* by the Supreme Court. *Bartell* was, however, reversed, in a per curiam order, in light of the decision in *Crowell.* See *Bartell v. Straub and Commonwealth,* 531 Pa. 415, 613 A.2d 1185 (1992). *Bendas* dealt with the issues of the Commonwealth's duty to make its highways safe and of its immunity. See *Bendas v. Commonwealth,* No. 45, M.D. Appeal Dkt. 1991 (June 17, 1992). As the defendants point out in their reply brief, the Bendas' claim against the township in which their accident occurred was adjudicated in that township's favor on the issue of duty. *Bendas v. Township of White Deer,* 131 Pa. Commw. 138, 569 A.2d 1000 (1990). We are disturbed, as defendants were in their reply brief, at the plaintiff's failure to refer us to the appropriate *Bendas* case, but we will give him the benefit of any doubt on the matter. As with *Crowell,* we do not believe that the Supreme Court's decisions in *Bendas* and *Bartell* are dispositive of the issue before us.

Applying the *Gekas, supra,* standard to our review of the plaintiff's complaint and of the defendants' de-

84

murrer, we are satisfied that the plaintiff has failed to plead a claim against the Police Department, for which claim Pennsylvania law permits a recovery. We hold that the Police Department did not owe a duty to the plaintiff under the circumstances pled in his complaint and that, consequently, he has not stated a cause of action in negligence against it. Since the claim against the borough is for its vicarious liability arising out of the Police Department's alleged negligence, it too must fail.

Accordingly, we enter the following

ORDER

And now, October 8, 1992, for all of the reasons stated in the foregoing opinion, the preliminary objection of the defendants, Columbia Borough Police Department and Columbia Borough, to the plaintiff's complaint is sustained, and Counts III and IV of the complaint are dismissed.